## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CRIMINAL NO. 16-177 (GAG) |
| v. | CRIMINAL NO. 16-591 (GAG) |
| NOEL MANZANO-CINTRÓN, | |
| Defendant. | |

### REPORT AND RECOMMENDATION
### RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.      Procedural Background**

Two indictments have been returned against defendant Noel Manzano-Cintrón, one on March 17, 2016, under case 16-177 (GAG) (ECF No. 6), and the other one on September 23, 2016 in case 16-591 (GAG) (ECF No. 3). In case 16-177 (GAG) the defendant has agreed to plead guilty to count two of the indictment. Count two charges the defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). As to case 16-591 (GAG) defendant has agreed to plead guilty to a lesser included offense in count one of the indictment. Count one charges the defendant of conspiring to possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 860.

**II.     Consent to Proceed Before a Magistrate Judge**

On August 11, 2020, while assisted by counsel the defendant, by consent, appeared by videoconference before the undersigned in order to change his previous not guilty plea to a plea of guilty as to count two of the indictment in case 16-177 (GAG) and count one in case 16-591 (GAG). The defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be

conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before the undersigned magistrate judge.

### III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure

#### A.    Rule 11(c)(1) Requirements

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).

United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

#### B.  Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2. To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

      3.      To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

      4.      To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

      5.      To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

### C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

In response to further questioning, defendant was explained, and he understood, that if convicted on count two in case 16-177 (GAG) he will face the following penalties: a consecutive term of imprisonment of not less than five (5) years and not more than life in prison, a fine not greater than two hundred fifty thousand ($250,000) dollars, and a supervised release term of not

more than five (5) years. As to case 16-591 (GAG), the defendant was explained, and he understood, that if convicted on count one as charged he will face the following penalties: a term of imprisonment of not less than ten (10) years and not more than two (2) terms of life in prison; a fine not to exceed twenty million dollars ($20,000,000); and a term of supervised release of at least ten (10) years. However, if the court chooses to accept the defendant's guilty plea to the lesser included offense, that is, conspiring to possess with intent to distribute at least two (2) kilograms but less than three point five (3.5) kilograms of cocaine, then the defendant faces a term of imprisonment of not less than five (5) years and not greater than eighty (80) years, a fine not to exceed ten million dollars ($10,000,000), and a term of supervised release of at least eight (8) years.

The defendant was also explained what the supervised release term means. Defendant was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone. The defendant understood this.

### D. Plea Agreement

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

1. The plea agreement is not binding upon the sentencing court.

2. The plea agreement is an agreement between the defendant, defense counsel and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4. In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the maximum possible penalty prescribed by statute.

The defendant acknowledged having understood these explanations and all the terms and conditions of the plea agreement.

### E. Government's Evidence (Basis in Fact)[1]

The government presented a proffer of its evidence consistent with the version of facts of the plea agreement with which the defendant concurred. Accordingly, it is determined that there is a basis in fact and evidence to establish all the elements of the offense charged in count two of the indictment in case 16-177 (GAG) and of the lesser offense included in count one of the indictment in case 16-591 (GAG).

### F. Voluntariness

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

### G. Waiver of Appeal

The defendant was explained, and he understood, that if the sentence imposed by the court is 60 months of imprisonment or less in count two in criminal case 16-177 (GAG) and a

---

[1] The prosecutor clarified that the reference to "Count Two" that appears in the first paragraph of page 17 is incorrect. It should read "Count Four", just as it appears in count two of the indictment in case 16-177 (GAG).

consecutive imprisonment sentence of 121 months or less as to count one of the criminal case 16-591 (GAG), the defendant waives the right to appeal any aspect of this case's judgment and sentence.

### IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has voluntarily, knowingly, and intelligently entered a plea of guilty as to count two in case 16-177 (GAG) and as to the lesser included offense in count one in case 16-591 (GAG) of the indictment. After cautioning and examining the defendant under oath, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to as to count two in the indictment of case 16-177 (GAG) and as to the lesser included offense in count one of the indictment in 16-591 (GAG).

Any objections to this report and recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt or before the sentencing hearing, whichever occurs sooner. Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 17th day of August, 2020.

s/Marcos E. López
U.S. MAGISTRATE JUDGE